**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUSTAFA RAFEEQ BARAZAHI SADDIQ,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CHARLES L. RYAN, Warden, named as: Charles Ryan/ Director of Arizona Department of Corrections at Central Office; et al.,<br><br>Defendants-Appellees. | No.  16-16473<br><br>D.C. No. 2:13-cv-01671-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted November 15, 2017[**]

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Arizona state prisoner Mustafa Rafeeq Barazahi Saddiq appeals pro se from

the district court's summary judgment in his action under 42 U.S.C. § 1983 and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any ground supported by the record, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995), and we affirm.

The district court properly granted summary judgment on Saddiq's Fourteenth Amendment equal protection claim because Saddiq failed to raise a genuine dispute of material fact as to whether Saddiq was intentionally denied a reasonable opportunity to pursue his faith as compared to prisoners of other faiths. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (under § 1983, plaintiff must show that officials intentionally acted in a discriminatory manner to establish an equal protection claim), *abrogated on other grounds as recognized by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Summary judgment was proper on Saddiq's RLUIPA claim arising from defendant Trinity Services Group, Inc.'s preparation and service of kosher meals because Saddiq failed to meet his initial burden of demonstrating that Trinity substantially burdened his religious exercise. *See Walker v. Beard*, 789 F.3d 1125, 1134-37 (9th Cir. 2015) (elements of a RLUIPA claim); *San Jose Christian Coll. v.*

*City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (a limitation of religious practice "must impose a significantly great restriction or onus upon such exercise").

The district court properly granted summary judgment on Saddiq's RLUIPA claim arising from defendant Vicklund's failure to provide special holiday foods, including dates and enhanced meals, to Saddiq at no cost because Saddiq failed to meet his initial burden to demonstrate that Vicklund substantially burdened his religious exercise. *See Warsoldier v. Woodford*, 418 F.3d 989, 994-96 (9th Cir. 2005) (prisoner has initial burden to demonstrate that prison policies "constitute a substantial burden on the exercise of his religious beliefs" and prison policy imposes substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs").

The district court properly granted summary judgment on Saddiq's RLUIPA claim arising from Vicklund's denial of congregational prayer on the basis of the prison's thirty-day notice policy—with the exception of Vicklund's denial of Saddiq's initial request in 2014 to observe Eid al-Adha—because Saddiq failed to meet his initial burden to demonstrate that the prison's thirty-day notice requirement constituted a substantial burden on the exercise of his religious beliefs.

16-16473

*See id.*

With respect to the initial denial in 2014, summary judgment was proper because this court cannot provide Saddiq injunctive relief in connection with the 2014 holiday. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (discussing when RLUIPA claims for injunctive relief are moot). Furthermore, Saddiq now has notice of the prison's thirty-day notice policy and will not be substantially burdened by future unforeseen implementations of this prison policy.

The district court did not abuse its discretion by denying Saddiq's motion for appointment of counsel because Saddiq failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

The district court did not abuse its discretion by denying Saddiq's request for preliminary injunctive relief regarding alleged retaliation by defendants because Saddiq did not establish "a sufficient nexus between the claims raised in [his] motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636-37 (9th Cir. 2015); *see also Planned Parenthood Ariz., Inc. v. Humble*,

753 F.3d 905, 911 (9th Cir. 2014) (standard of review).

Saddiq forfeited his opportunity to appeal the denial of his motion to join parties and his discovery motions because he did not file objections to the magistrate judge's orders. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Saddiq's contentions concerning forgery or alteration of summary judgment evidence by defendants and bias of the district judge.

**AFFIRMED.**