FILED

NOT FOR PUBLICATION

JUL 30 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS D. YOKOIS,

        Plaintiff-Appellant,

v.

CHARLES L. RYAN, Director of Arizona Department of Corrections, and individually; MICHAEL LINDERMAN, in his individual capacity; JAMES VICKLUND, Senior Chaplain and individually at Eyman Complex, ADC; JEFFREY VAN WINKLE, Former Deputy Warden of Special Management Unit I ("SMU-1") and individually at SMU-1, Eyman Complex, ADC; CONSTANCE DANIEL, Former Chaplain at SMU-1 and individually at SMU-1, Eyman Complex, ADC; ADAM HENRY, Current Chaplain at SMU-1 and individually at SMU-1, Eyman Complex, ADC; JAMES O'NEIL, Former Warden and individually at Eyman Complex, ADC; GERALD THOMPSON, Warden, Arizona Department of Corrections, Eyman Complex, Individually and as Current Warden; CARSON MCWILLIAMS, Arizona Department of Corrections, Director of Operations and

No.    19-17077

D.C. No. 2:16-cv-02856-DGC

MEMORANDUM[*]

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

individually; ANNE CERVANTES, Correctional Officer, CO II in SMU-1 mail/property room and individually; TRAVIS PINNEY, South Unit, Florence Complex, ADC, Individually and as Assistant Deputy Warden; JOHN MATTOS, in his individual capacity; ROY CHERIYAN, South Unit, Florence Complex, ADC, Individually and as Chaplain; ALAN MISER, Senior Chaplain and individually at Florence Complex, ADC; KEVIN CURRAN, Individually and as Warden at Florence Complex, ADC; WALTER HENSLEY, Indvidually and as Current Deputy Warden of SMU-1, Eyman Complex, ADC; KENNETH HERMAN, Pastoral Activities Administrator; LORI STICKLEY, South Unit Deputy Warden in her Official Capacity,

Defendants-Appellees,

and

ARIZONA DEPARTMENT OF CORRECTIONS; STATE OF ARIZONA; JAMES O'NEIL, Former Warden, Eyman Complex; J. BROWN, Individually and as Former Chaplain at SMU-1, Eyman Complex, ADC; HERNANDEZ, COIV, Grievance Coordinator, SMU-1; JOY RIEFFER, Correctional Officer, COIII, Assistant Grievance Coordinator, SMU-1; W. HENSELY,

Defendants.

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 29, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Arizona prisoner Douglas Yokois appeals the district court's grant of summary judgment in favor of many Arizona Department of Corrections ("ADC") officials on his exercise of religion claims under the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5. We affirm.

The district court properly granted summary judgment for the ADC officials on Yokois' Free Exercise Clause and RLUIPA claims because his religious practice was not substantially burdened.[1] *See* 42 U.S.C. §§ 2000cc-1(a), 2000cc-2(b); *Guru Nanak Sikh Soc. of Yuba City v. County of Sutter*, 456 F.3d 978,

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because the district court properly granted summary judgment for the ADC officials on the merits of Yokois' claims, we need not and do not consider whether the district court erred when it held that he failed to exhaust administrative remedies for two of them. *See Woodford v. Ngo*, 548 U.S. 81, 101, 126 S. Ct. 2378, 2392, 165 L. Ed. 2d 368 (2006).

987–88 (9th Cir. 2006) (discussing RLUIPA); *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (discussing the Free Exercise Clause). ADC's policy requiring inmates to go through authorized vendors to purchase religious items was at most, an inconvenience, and not a substantial burden on Yokois' ability to acquire religious items. Similarly, the record shows that the ADC policy in question only prevented Yokois from pinning religious materials on his bulletin board while he was outside his cell and not using them. As a result, Yokois did not show that these policies so burdened his right to exercise his religion that he felt pressured to abandon his beliefs. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124–25 (9th Cir. 2013).

The district court did not abuse its discretion by denying Yokois' motions to compel discovery, for appointment of counsel, and for injunctive relief. Yokois did not show that denial of his motions to compel resulted in actual or substantial prejudice to him. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Nor did he show any exceptional circumstances requiring appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). And because Yokois requested injunctive relief unrelated to his exercise of religion claims, the district court properly denied his

motions for a preliminary injunction. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635–36 (9th Cir. 2015).[2]

Finally, the district court properly determined that it lacked jurisdiction to consider Yokois' motion for sanctions. Yokois had filed a notice of appeal, which "confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) (per curiam).

**AFFIRMED.**

---

[2] We note that there was no evidence that ADC officials did hinder Yokois' ability to litigate his case. *Cf. Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).