BLD-282                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1515
_____

ADRIAN GUILLE,
Appellant

v.

STEVEN JOHNSON; DAVID RICHARDS; RAYMOND ROYCE; AMY EMRICH;
SEARS; THOMPSON; CASSANDRA DECRISTI; MARY LANG; DEFILLIPO;
LAWANA DARDEN; ANNA PIEKAREWICZ; MRS. SCHMIDT; MR. JOHNSON;
MRS. ECHEVARRIA; SERGEANT T. DEJESUS; SERGEANT S. PATTERSON;
SERGEANT SMITH; SERGEANT JOHNSON; SERGEANT DEFAZIO;
MRS. ADAMS; SERGEANT BEZEK; SERGEANT DEFAROSA;
SERGEANT ARAVENA; LIEUTENANT SANGALE; LIEUTENANT LENZ;
LIEUTENANT ALMANZA; MRS. JESSICA SMITH; GHANDI MAVEL;
JAMES FARLEY; KEISHA FISHER; RAMIKA STOKES-LITTLE;
SHANNA MONTANEZ; OFFICER MARTINI; OFFICER PIAZZA;
OFFICER GORMAN; OFFICER BRODZINSKI; OFFICER PEDRE;
OFFICER LOIZOS; OFFICER DELEON; OFFICER MARTINEZ;
OFFICER HOWELL; OFFICER PARKER; OFFICER SMITH;
OFFICER JENKINS; OFFICER CHRISTMAS;
OFFICER LABOZETTA; OFFICER VALLEAU; OFFICER PERKINS;
OFFICER FORD; OFFICER MENDOZA; OFFICER K. FINN;
OFFICER URSINO; OFFICER BRADY; OFFICER BAILEY;
OFFICER T. CREWS; OFFICER WARREN; OFFICER GILMARTIN;
OFFICER MCLINCH; DIRECTOR JOHN DOE;
DAN DIBENEDETTI; CHELSEA HAWKINS;
WALLS; HORNE; E. TARVER; ZETTI; PAYNE; CLIFF; MCU JANE DOE;
MRS. RYAN; MELISSA MATTHEWS;
MCU REVIEW COMMITTEE MEMBER NORRIS;
SERGEANT PAZIK; LIEUTENANT HARRIS; BRUCE DAVIS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-01472)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

Adrian Guille, an inmate proceeding pro se and in forma pauperis, appeals the

denial of his motion for preliminary injunctive relief. We will affirm.

Because we write mainly for the parties, we recite only the relevant facts and

procedural history. In 2018, Guille filed an action pursuant to 42 U.S.C. § 1983 in the

District of New Jersey, alleging unconstitutional conditions of confinement, excessive

force, retaliation, and denial of medical care by staff and administrators at the New Jersey

State Prison ("NJSP"), where he is incarcerated. He filed this motion for preliminary

injunctive relief in May 2020. The District Court held a hearing in November 2020 and

denied the motion. Guille timely filed a notice of appeal. Our Clerk informed him that we

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

would consider whether the appeal should be dismissed under 28 U.S.C. § 1915(e) and whether summary action was appropriate and invited him to file an argument in support of his appeal; Guile has not done so.

We have jurisdiction to review an order refusing a preliminary injunction under 28 U.S.C. § 1292(a)(1).[1] We review the District Court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo. See Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Assessment of the movant's likelihood of success on the merits is claim specific. See Ass'n of N.J. Rifle & Pistol Clubs v. Att'y Gen. N.J., 910 F.3d 106, 115 (3d Cir. 2018).

---

[1] Although we exercise jurisdiction over the denial of his motion for a preliminary injunction (ECF No. 83), to the extent Guille appeals the denial of his motion for a temporary restraining order (ECF No. 97), we lack jurisdiction to review that decision. See Hope v. Warden York Cnty. Prison, 956 F.3d 156, 159 (3d Cir. 2020). We also lack jurisdiction to review the denial of Guille's "Motion for Order to Show Cause" (ECF No. 94), as it pertained to discovery and did not request adjudication of any relief sought in his complaint. See In re Pressman-Gutman Co., 459 F.3d 383, 392–93 (3d Cir. 2006).

Here, Guille sought preliminary injunctive relief on five separate claims that NJSP authorities: (1) do not respond to his asthma attacks; (2) deny him recreational opportunities; (3) restrict his access to a telephone; (4) constantly illuminate his cell; and (5) equip his cell with a "ping-pong toilet" connected to other cells' drains, allowing waste from neighboring cells to enter his.

As to the first claim, Guille's motion asked for relief in the form of providing "reasonable access to an Albuterol inhaler to treat his Asthma—as needed, 24 hrs a day." At a hearing on one of Guille's prior motions for injunctive relief, NJSP Major Craig Sears testified that Guille has a history of fashioning sharp weapons from the metal components of his asthma inhaler and in the past slashed a guard across the face, leading to his restrictive housing conditions. Major Sears and Dr. Ihuoma Nwachukwu, a physician who provides medical care at NJSP, described how Guille's emergency inhaler occupies a secured position close by his cell, to be retrieved by staff as needed. After considering this testimony, the District Court expressly endorsed the inhaler's placement when denying Guille's prior motion at that hearing. See ECF No. 144 at 98–99. We thus find no error in the District Court's denial of this renewed claim.

Regarding his second claim, the recreation-related claim for relief in Guille's amended complaint named only the prison's administrator under a theory of supervisory liability. The District Court dismissed that claim for failure to allege the administrator's personal involvement. See ECF No. 10 at 5 (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Guille has not attempted to cure that defect and thus cannot show a likelihood that he will succeed on the merits of a claim that has been dismissed.

4

Guille's allegations about his access to a telephone also do not warrant preliminary injunctive relief. In the motion for a preliminary injunction, Guille sought relief from the disciplinary sanction that suspended his telephone privileges for 365 days,[2] beginning on or around November 12, 2019. His complaint, on the other hand, referred only to NJSP's practice of employing inmate "runners" to allocate telephone time, which, he claimed, denied him access to the telephone because they would routinely pass him over. See Am. Compl. 34, ECF No. 7. Because the source of Guille's alleged injuries differs between complaint and motion for preliminary injunction, we see no error in the District Court's decision to deny injunctive relief.[3] See Adams v. Freedom Forge Corp., 204 F.3d 475, 489–90 (3d Cir. 2000); see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (requiring "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself").

As to the claim about the lighting in his cell, the District Court held that he could not show a likelihood of success on the merits because that claim had been dismissed

---

[2] In his motion and his notice of appeal, Guille claims that the disciplinary code section authorizing this sanction "doesn't even exist." See Notice of Appeal 2, ECF No. 113. His confusion stems from a recent series of amendments. Guille appended to his motion the New Jersey Department of Corrections disciplinary manual dating from April 2016 and containing the relevant provision at N.J. Admin. Code § 10A:4-5.1(r)(6), see ECF No. 107 at 12, while the version at the time the Defendants drafted their opposition placed the relevant subsection at § 10A:4.5-1(s)(6), as they cited it, see ECF No. 89 at 8; see also 48 N.J. Reg. 915(a) (June 6, 2016). The provision has now been moved to § 10A4.5-1(t)(6). See 53 N.J. Reg. 923(a) (May 17, 2021).

[3] Moreover, it is plain from Guille's subsequent preliminary injunction motion filed in the District Court that his disciplinary sanction has ended, as it contains different factual allegations about how his access to a telephone is impeded. See ECF 123-1 at 10 et seq.

5

with prejudice in an earlier order. <u>See</u> ECF No. 10 at 3–4.[4] Guille has not sought to amend his complaint regarding this claim since that dismissal, nor does he include any factual assertions in his motion that might disturb the District Court's prior reasoning. Thus, he cannot show a likelihood of success on the merits of this claim.

Finally, as to Guille's claim about the "ping-pong toilets," he has not established his entitlement to relief. Guille has offered nothing beyond his own assertion that his plumbing is connected to neighboring cells. Major Sears explained that the two cells between which Guille is rotated for security reasons are not connected to any other cells in the plumbing network. Guille did not provide any further evidence on this disputed fact at the hearing to suggest he is likely to succeed on the merits of this claim.

Accordingly, we will affirm the District Court's denial of Guille's motion.

---

[4] The District Court dismissed the claim because "[t]here are no facts in the complaint suggesting that NJSP's twenty-four hours a day lighting . . . [was] motivated by anything other than legitimate penological concerns." <u>Id.</u>