**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC RADIATION ONCOLOGY, LLC, a Hawai'i limited liability corporation; PRO ASSOCIATES, LLC, a Hawai'i limited liability company; JOHN LEDERER, M.D., individually and as manager of the LLC's appearing for the Pacific Radiation Oncology Physicians; LAETON PANG, M.D.; EVA BIENIEK, M.D.; VINCENT BROWN, M.D.; PAUL DEMARE, M.D.; THANH HUYNH, M.D., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> THE QUEEN'S MEDICAL CENTER, a Hawai'i non-profit corporation; QUEEN'S DEVELOPMENT CORP., a Hawai'i for profit corporation; NOREEN D.S.W. MOKUAU; WILLIAM G. OBANA, M.D.; ARTHUR A. USHIJIMA; MARK H. YAMAKAWA; PAULA YOSHIOKA; SHARLENE K. TSUDA; RICHARD C. KEENE; CLINTON YEE; NALEEN M. ANDRADE, M.D.; ERNEST H. FUKEDA, Jr.; ROBB OHTANI, M.D.; NEIL J. HANNAHS; CHRISTINE M. | No. 12-15624 <br><br> D.C. No. 1:12-cv-00064-LEK-KSC <br><br><br> MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GAYAGAS; PETER K. HANASHIRO; ROBERT K. NOBRIGA; ERIC K. YEAMAN; JULIA C. WO; CAROLINE WARD ODA; PETER HALFORD, M.D.; BARRY WEINMAN, individually and in their capacities as Officers and Trustees of Queen's Medical Center,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 15, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

The plaintiffs in this case are a group of radiation oncologists who had their privileges to perform certain medical procedures at the Queen's Medical Center revoked when the Medical Center decided to move to an employment-based model, permitting only employees to use its radiation oncology facilities. The Medical Center appeals the district court's order granting a partial preliminary injunction that permits plaintiff Dr. John Lederer, M.D. to perform certain procedures at the Medical Center's facilities. We affirm.

Federal jurisdiction exists because plaintiffs allege a Fourteenth Amendment claim against the Medical Center. Although it is uncertain whether the Medical

2

Center qualifies as a state actor for purposes of this claim, the question is not "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974).

The district court did not abuse its discretion in granting a partial preliminary injunction. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (stating that review of a district court's grant of a preliminary injunction is for abuse of discretion). Under the governing *Winter* standard, plaintiffs must show that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The district court correctly determined that plaintiffs were likely to succeed on their due process claim under *Silver v. Castle Memorial Hospital*, 497 P.2d 564 (Haw. 1972).[1] *Silver* explained that a private hospital's decision to refuse to extend staff privileges to a licensed doctor without proper procedural due process could

---

[1] Because we conclude that the district court did not abuse its discretion by finding a likelihood of success on plaintiffs' due process claim under the state constitution, we need not reach its ruling that plaintiffs are also likely to succeed on their unfair competition claim.

3

violate the Hawaii Constitution if that hospital were "quasi-public." *Id.* at 569-70.

A private hospital is "quasi-public" if it receives "more than nominal governmental

involvement in the form of funding." *Id.* at 570. We take judicial notice of the fact

that Hawaii has appropriated the Medical Center $1.5 million to operate an organ

transplant center. Based on the government funding as well as the hospital's

historical ties to the state, *see Hite v. The Queen's Hospital*, 36 Haw. 250 (1942), it

is likely that plaintiffs will succeed on their claim that the Medical Center qualifies

as "quasi-public." Moreover, the district court pointed to evidence that the

Medical Center based its decision to revoke plaintiffs' privileges, at least in part,

on "concerns about the PRO physicians' competence or qualifications." The

revocation of privileges on the basis of "professional competence or conduct"

triggers due process rights under the Medical Center's bylaws, and, thus, plaintiffs

are likely to succeed on their claim for denial of due process under *Silver*.

Turning to irreparable harm, the district court did not abuse its discretion by

finding that Lederer is likely to suffer irreparable harm as to two groups of patients

who would not be able to receive certain needed procedures under Lederer's care

unless he could continue to exercise privileges at the Medical Center. The district

court found that without a preliminary injunction, Lederer would suffer irreparable

harm to relationships with patients and referring physicians will be "deprived of

4

the opportunity to compete for [] potential patients" and "will lose competitive ground in the industry." These harms are irreparable because they cannot be remedied by money damages. *See L.A. Mem'l Coliseum Commc'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir.1980).

Finally, the district court did not abuse its discretion by determining that the balance of equities and the public interest favor a preliminary injunction because cancer patients would be denied access to Lederer's level of expertise for certain procedures if the Medical Center were not preliminarily enjoined. The district court's preliminary injunction is narrowly tailored to avoid the harm that would result if Lederer could not access the Medical Center's facilities. The granting of this narrow preliminary injunction was not an abuse of discretion.

**AFFIRMED.**