**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PACIFIC RADIATION ONCOLOGY, LLC, a Hawai'i limited liability corporation; PRO ASSOCIATES, LLC, a Hawai'i limited liability company; JOHN LEDERER, M.D., individually and as manager of the LLC's appearing for the Pacific Radiation Oncology Physicians; LAETON PANG, M.D.; EVA BIENIEK, M.D.; VINCENT BROWN, M.D.; PAUL DEMARE, M.D.; THANH HUYNH, M.D.,
            *Plaintiffs-Appellants*,

JOHN AND MARY DOE, 1 through 17,
            *Appellant-Intervenor*,

v.

THE QUEEN'S MEDICAL CENTER, a Hawai'i non-profit corporation; QUEEN'S DEVELOPMENT CORP., a Hawai'i for profit corporation; NOREEN D.S.W. MOKUAU; WILLIAM G. OBANA, M.D.; ARTHUR A. USHIJIMA; MARK H. YAMAKAWA; PAULA YOSHIOKA; SHARLENE K. TSUDA; RICHARD C. KEENE; CLINTON YEE; NALEEN M.

No. 14-17050

D.C. No.
1:12-cv-00064-
LEK-KSC


OPINION

ANDRADE, M.D.; ERNEST H.
FUKEDA, JR.; ROBB OHTANI, M.D.;
NEIL J. HANNAHS; CHRISTINE M.
GAYAGAS; PETER K. HANASHIRO;
ROBERT K. NOBRIGA; ERIC K.
YEAMAN; JULIA C. WO; CAROLINE
WARD ODA; PETER HALFORD, M.D.;
BARRY WEINMAN, individually and
in their capacities as Officers and
Trustees of Queen's Medical Center,
*Defendants-Appellees*.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted
October 15, 2015—Honolulu, Hawaii

Filed December 22, 2015

Before: Diarmuid F. O'Scannlain, Richard C. Tallman,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Tallman

# SUMMARY[*]

## Civil Procedure

The panel affirmed the district court's denial of injunctive relief sought by Pacific Radiation Oncology, LLC against The Queen's Medical Center.

Pacific Radiation Oncology, consisting of a group of physicians specializing in radiation oncology, sued the Queen's Medical Center alleging unfair trade practices. During discovery, Pacific Radiation Oncology sought injunctive relief against the Queen's Medical Center alleging that the Center's review and use of patient records during litigation violated the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, and the Hawaii Constitution art. 1, § 6.

The panel held that the district court did not abuse its discretion in denying Pacific Radiation Oncology's motion for a temporary restraining order or in the alternative for a preliminary injunction. The panel followed the Eighth Circuit and adopted the rule of *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994), which established that there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint. The panel held that in this case there was not a sufficient nexus between Pacific Radiation Oncology's claim of injury to patients' privacy in its motion for injunctive relief

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

and the unfair trade practice claims in its underlying complaint.

## COUNSEL

Clare E. Connors (argued), Mark S. Davis, and Michael K. Livingston, Davis Levin Livingston, Honolulu, Hawaii, for Plaintiffs-Appellants.

Jerry M. Hiatt (argued), and Mahilani E.K. Hiatt, Hiatt & Hiatt, Honoka'a, Hawaii, for Appellant-Intervenor.

Paul Alston (argued), William S. Hunt, Clyde J. Wadsworth, and Claire Wong Black, Alston Hunt Floyd & Ing, Honolulu, Hawaii; Daniel M. Mulholland III, Horty, Springer & Mattern, P.C., Pittsburgh, Pennsylvania, for Defendants-Appellees.

## OPINION

TALLMAN, Circuit Judge:

A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction. During discovery of its unfair trade practices case, Appellant Pacific Radiation Oncology, LLC (PRO) sought injunctive relief against Appellee The Queen's Medical Center (QMC) arguing that QMC's review and use of patient records violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d, and the Hawaii

Constitution art. 1, § 6.  The district court denied the injunction because PRO's complaint did not contain a claim alleging improper review and use of confidential patient information in violation of HIPAA and the Hawaii Constitution.  We affirm.

## I

To understand the motion that is the subject of this appeal, it is necessary to describe the deterioration of a nearly forty-year professional relationship between PRO and QMC and the extended litigation that occurred as a result.

## A

PRO consists of a group of physicians specializing in radiation oncology.  PRO provided service to its patients at QMC, and at one of QMC's competitors, The Cancer Center of Hawaii (TCCH), in which some PRO members held a financial interest.  But QMC is the only facility on Oahu with an operating room licensed by the Nuclear Regulatory Commission (NRC) for specialized radiation services to treat cancer.  During the course of their nearly forty-year relationship, PRO physicians were allowed to meet with and treat their patients at QMC in order to accommodate patient preferences in choosing the location of treatment.  However, this relationship ended in 2011 when QMC decided to transition to a closed-facility model.  As a result, PRO physicians could not practice at QMC at all unless they accepted exclusive employment with QMC and divested any interest they held in TCCH.  PRO physicians, therefore, would no longer retain hospital privileges that allowed access to the NRC-licensed operating room which they used to treat certain patients.

In January of 2012 PRO brought suit against QMC alleging that adopting the closed-facility model was merely a pretext to prevent PRO physicians from competing with QMC. The complaint filed against QMC alleged ten claims for relief: (1) denial of procedural and substantive due process; (2) violation of QMC bylaws and governing regulations; (3) intentional tortious interference with plaintiffs' contractual obligations with competing facilities; (4) intentional and tortious interference with prospective business advantage; (5) intentional and tortious interference with the professional and contractual relationship with plaintiffs' patients; (6) unfair, deceptive, anti-competitive, and illegal trade practices in violation of Hawaii Revised Statutes Chapter 480 arising out of QMC's termination of privileges; (7) unfair, deceptive, anti-competitive, and illegal trade practices in violation of Chapter 480 arising out of QMC's violation of the anti-kickback statute; (8) unfair, deceptive, anti-competitive, and illegal trade practices in violation of Chapter 480 arising out of QMC's attempt at economic credentialing; (9) unfair, deceptive, anti-competitive, and illegal trade practices in violation of Chapter 480 arising out of QMC's breach of its obligations under its corporate integrity agreement between the Office of the Inspector General of the U.S. Department of Health and Human Services; and (10) breach of fiduciary duty and bad faith owed to a partner. PRO initially requested injunctive relief and damages related only to the termination of hospital privileges.

In March 2012 the district court granted a preliminary injunction to allow PRO physicians to continue treating patients who needed access to the NRC-licensed operating room at QMC. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 861 F. Supp. 2d 1170 (D. Haw. 2012). In

February 2014 we affirmed that preliminary injunction. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 555 F. App'x 730 (9th Cir. 2014). Thereafter, QMC brought a counterclaim against PRO alleging that PRO physicians were unlawfully transferring patients from QMC to TCCH by encouraging them to seek treatment there. Additionally, QMC alleged that PRO physicians failed to inform patients of their financial interests in TCCH when making these referrals. Thus, QMC argues that it had a legitimate business interest to move to a closed-facility model.

Prior to the commencement of litigation in 2012, QMC administrators identified 133 relevant patients from the hospital's own electronic record-keeping system who had an initial consultation with a PRO physician at QMC but did not return to QMC for radiation therapy. After bringing its counterclaim, QMC served a subpoena on TCCH seeking documents and information regarding those patients. Included in this subpoena was a list of 132 of the 133 identified patients' names, patient numbers, and treating physicians. However, when QMC filed the return of service with the district court clerk on Thursday, July 10, 2014, it filed the subpoena on the public docket with the complete unredacted list of patient names, numbers, and treating physicians. Upon realizing its error, QMC counsel immediately notified the magistrate judge overseeing discovery, the clerk restricted access to the document the next business day, Monday, July 14, 2014, and the court granted QMC's ex parte motion to seal the document. So far as can be determined, only QMC's attorneys accessed the document through PACER while it was publicly available.

PRO then filed a motion for a temporary restraining order, or alternatively a preliminary injunction. PRO challenged not

only the public filing of the patient list, but also QMC's right to review its own medical records that were the basis of the list, and PRO sought to preclude QMC's review of the records sought from TCCH in the subpoena.  PRO alleges that QMC's conduct violates HIPAA and the Hawaii Constitution.

**B**

The district court denied PRO's motion for injunctive relief.  It concluded that PRO's complaint "does not contain a claim alleging improper review and use of confidential patient information in violation of HIPAA and the Hawaii Constitution." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 47 F. Supp. 3d 1069, 1076 (D. Haw. 2014).  The court rejected PRO's arguments that the claims for violation of patient privacy are part of its Hawaii Revised Statutes Chapter 480 claims because the allegations in those claims did not refer to improper review and use of patient information.  *Id.*  Acknowledging the seriousness of the public disclosure, the court nonetheless held that the motion "simply does not fit within the TRO [temporary restraining order] analysis."  *Id.*

The district court then construed the motion as ultimately presenting a discovery issue.  *Id.*  Specifically, the court found that QMC had violated the terms of a previously entered protective order when it publicly disclosed identifiable patient information.  *Id.* at 1078.  For that violation, the district court sanctioned QMC with PRO's reasonable attorneys' fees and costs incurred in responding to

the public filing.[1]  *Id.* at 1080.  To the extent that QMC argued that its use of patient information was relevant to its defenses and counterclaims against PRO, the district court instructed the parties to confer on how to access this information in compliance with the protective order, HIPAA, and the Hawaii Constitution through the normal discovery process overseen by the magistrate judge.  *Id.* at 1081.[2]

PRO appealed the district court's denial of injunctive relief.  We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review PRO's appeal of that order.

---

[1] The court reserved calculating the final amount to be awarded pending the outcome of this appeal.

[2] The magistrate judge found the information relevant to QMC's claims and defenses and held that if the patient information was deidentified it would comply with HIPAA and the Hawaii Constitution.  HIPAA clearly allows for deidentification but it is unclear whether deidentification is sufficient to comply with the more stringent privacy requirements mandated by the Hawaii Constitution.  When PRO appealed the magistrate judge's order, the district court reserved ruling on the issue and certified questions to the Hawaii Supreme Court to resolve the state law legal issues.  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, No. 12-00064-LEK-KSC, 2015 WL 419654, at *11 (D. Haw. Jan. 30, 2015).  The first certified question is of particular relevance to this appeal, asking: "[m]ay a third party who is in lawful possession of a patient's confidential medical records use, or be compelled to produce, these records in litigation where the patient is not a party?"  Certified Questions to the Hawaii Supreme Court From the United States District Court for the District of Hawaii at 8, *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, No. 12-00064-LEK-KSC (2015), ECF No. 541.  This question addresses both QMC's use of its own patient records and whether QMC can request relevant patient records from TCCH.  Resolution of that discovery issue does not affect the merits of the ruling denying injunctive relief.

## II

We review a district court's grant or denial of a preliminary injunction for an abuse of discretion. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). We employ a two part test: first, determining whether the trial court identified the correct legal rule to apply to the requested relief and second, determining whether the court's application of that rule was illogical, implausible, or without support from inferences that may be drawn from facts in the record. *Id.* "A decision based on an erroneous legal standard or a clearly erroneous finding of fact amounts to an abuse of discretion." *Id.*

## III

### A

The district court's denial of PRO's motion was not an abuse of discretion because the motion for relief was unrelated to the underlying complaint. A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). We have yet to adopt a formal test for comparing the relief sought in a preliminary injunction with the final relief sought in the original complaint. Other circuits, however, have enunciated a rule requiring a plaintiff to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

*Devose* is illustrative of the exactitude by which courts evaluate whether a motion for injunctive relief is related to

the underlying claim. Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint. *See id.* In *Devose*, a prisoner brought a 42 U.S.C. § 1983 action against prison officials for violating his Eighth Amendment rights. *Id.* The prisoner then sought injunctive relief claiming prison officials retaliated against him for bringing his lawsuit. *Id.* The court held that the prisoner's motion for injunctive relief based on retaliation by prison officials was entirely different and separate from the underlying conduct challenged in the § 1983 action. *Id.* The Eighth Circuit therefore affirmed the district court's denial of injunctive relief. *Id.*

The rule of *Devose* is already being applied by the lower courts of our circuit. *See, e.g.*, *Mitchell v. Haviland*, No. 2:09-cv-3012 JAM KJN P, 2014 WL 458218 at *2 (E.D. Cal. Feb. 4, 2014) (denying a motion for injunctive relief alleging retaliation against a prisoner for filing a § 1983 action under *Devose* because it claimed new assertions of misconduct in a different prison by different prison employees); *Padilla v. Nevada*, No. 3:08-cv-410-LRH(RAM), 2011 WL 2746653 at *8 (D. Nev. June 3, 2011) (noting that the Ninth Circuit has not directly addressed this issue and applying *Devose* in denying injunctive relief based on violations of plaintiff's First Amendment rights when the underlying complaint alleged Eighth Amendment violations).

Furthermore, many of our sister circuits have either adopted *Devose* explicitly or independently formulated an identical rule. *See Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Kaimowitz*

*v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198–99 (2nd Cir. 1985).

Persuaded by the logic behind *Devose*'s rule and the pervasive application of the rule both within the district courts of our circuit and our sister circuits, we now formally adopt the rule of *Devose*.  We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.  The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines*, 325 U.S. at 220.  Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

**B**

Applying this rule here, PRO's motion for injunctive relief does not have a relationship or nexus to the underlying complaint.  Therefore the district court properly refused to grant the relief requested.  PRO's motion for injunctive relief is based on potential misconduct entirely unrelated to its unfair trade practices claims.  PRO's complaint alleges multiple claims against QMC for violations of due process, unfair and illegal trade practices, and other state law claims.  The complaint does not contain a claim for improper review and use of confidential patient information in violation of HIPAA and the Hawaii Constitution.  PRO's complaint relates only to the retention of hospital privileges and

collection of damages from unfair competition and related theories.

Besides merely asserting that the claims are related or incorporated into its complaint, PRO fails to explain how the privacy claims underlying the motion for injunctive relief relate to the unfair trade practices claims in its complaint. *See Devose*, 42 F.3d at 471. Instead, PRO relies on generalized notice pleading requirements in an attempt to justify how evidence of QMC's privacy violations is relevant to claims of unfair trade practices. We are not persuaded. QMC's particular use of private patient medical information may have some relevance to those claims. That use may have contemporaneously violated HIPAA and the Hawaii Constitution and might arguably support a new claim against QMC by PRO or the patients whose privacy may have been compromised.[3] *See id.* However, that does not turn PRO's claims of unfair trade practices into separate and distinct claims that QMC violated HIPAA and the Hawaii Constitution.[4] Despite PRO's arguments to the contrary, PRO cannot point to any violation of privacy claims or any conduct implicating a violation of patient privacy in its complaint because there are none.

Finally, PRO itself admitted in the district court that its motion for injunctive relief has nothing to do with the

---

[3] We assume, but do not decide, that PRO has standing to assert the privacy rights of its patients. Nor do we address whether HIPAA contains a private right of action.

[4] We are equally unpersuaded by PRO's attempts at oral argument to link by incorporation the claims of violation of patient privacy with their claims of violation of QMC's bylaws.

underlying claim.  Reply Mem. in Supp. of Pls.' Mot. for TRO or in the Alternative for Prelim. Inj. at 1, *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 47 F. Supp. 3d 1069 (2014) (No. 12-00064), ECF No. 260 ("The merit or lack of merit of the claims and defenses of either party is not before the Court.").  PRO is not asking for relief of the same nature it may ultimately be granted in its lawsuit against QMC.  *See De Beers Consol. Mines*, 325 U.S. at 220.  Instead, PRO is seeking to enjoin QMC's use of private patient information — a remedy that will not be provided if PRO succeeds in its underlying unfair trade practices suit.

Though the district court did not explicitly consider *Devose* in denying PRO's motion for injunctive relief, the court properly denied the motion because it was unrelated to the underlying complaint.  The district court stated that PRO could not prove the likelihood of success requirement of the preliminary injunction analysis because the privacy violations alleged in the motion were not contained within the actual complaint.  Additionally, the district court correctly noted that the issue presented in the motion "does not fit within the TRO analysis" and properly denied injunctive relief.  Though the district court did not refer to *Devose* explicitly, it applied the same analysis and came to the same legal conclusion. There was no abuse of discretion in denying PRO's motion.

PRO might have sought leave to amend its complaint to include a claim of violation of its patients' privacy rights under HIPAA and the Hawaii Constitution.  Or PRO and its patients might have brought a separate suit against QMC. PRO did neither.  What we have before us is merely a

discovery dispute in disguise as an interlocutory appeal.[5] PRO cannot respond to QMC's discovery request by seeking injunctive relief unrelated to the claims set forth in the underlying suit.

## IV

We hold the district court did not abuse its discretion in denying PRO's motion for a temporary restraining order or in the alternative for a preliminary injunction. We follow the Eighth Circuit and adopt the rule of *Devose* — there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint. There was not a sufficient nexus between PRO's claim of injury to patients' privacy in violation of HIPAA and the Hawaii Constitution in its motion for injunctive relief and the unfair trade practice claims in its underlying complaint. The district court properly ruled that PRO's motion for injunctive relief was unrelated to its underlying complaint. PRO cannot seek interim equitable relief of a nature it is not seeking in the final adjudication of its lawsuit.

**AFFIRMED.**

---

[5] A discovery dispute that will be resolved by the district court once it receives guidance from the Hawaii Supreme Court.