NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY VAUGHN PINSON, | No. 20-15068 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00535-RM |
| v. | |
| ESTRADA, named as Nurse Estrada; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| COX, named as FNU Cox; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's order denying her motions for preliminary injunctions in her action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to her serious medical needs.  We have jurisdiction under 28 U.S.C. § 1292(a)(1).  We review for an abuse of discretion.  *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014).  We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion in denying Pinson's request for injunctive relief and motion for reconsideration related to defendants' alleged interference with her right to prosecute this action because Pinson failed to show any actual injury arising from the alleged interference.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (setting forth standards for issuance of preliminary injunction); *Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

Denial of Pinson's request for a preliminary injunction requiring defendants to provide Pinson with surgery for her nerve injury, a CPAP machine, and sleep medication, and denial of Pinson's request for a preliminary injunction prohibiting

defendants from retaliating against Pinson by transferring her or placing her in segregated housing, was not an abuse of discretion because Pinson's requested relief was not tied to the claims in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that the district court lacks authority to grant injunctive relief absent a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint").

Denial of Pinson's request for reconsideration of the district court's prior denial of a preliminary injunction related to defendants' alleged restriction of her pain medication was proper because the motion was untimely. *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (a motion that merely seeks to relitigate the issues underlying an original preliminary injunction order must be filed within Rule 59(e)'s time limit).

**AFFIRMED.**