**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES PLAS SAMS, | No. 21-15370 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00568-JAM-DMC |
| v. | |
| RALPH DIAZ, Secretary of CDCR; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

California state prisoner James Plas Sams appeals pro se from the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Jackson v. City &*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Denial of Sams's motion for a preliminary injunction was not an abuse of discretion because Sams failed to demonstrate that such relief is warranted. *See Jackson*, 746 F.3d at 958 (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that the district court lacks authority to grant the relief requested absent a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-15370