**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER JAMES HENSON, | No. 20-15986 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:19-cv-04396-MTL-DMF |
| CORIZON HEALTH, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| STEWART, Unknown; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted February 7, 2022
Phoenix, Arizona

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and MILLER, Circuit Judges, and FITZWATER,[**] District
Judge.
Concurrence by Judge FITZWATER

Plaintiff Christopher James Henson, who is currently confined to prison in

Arizona, brings this action pursuant to 42 U.S.C. § 1983. The district court denied

Plaintiff's motion for a preliminary injunction. We review "the denial of a

preliminary injunction for abuse of discretion," Playmakers LLC v. ESPN, Inc.,

376 F.3d 894, 896 (9th Cir. 2004), and review underlying issues of law de novo,

Does 1–5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir. 1996). We affirm.

The district court ruled, among other things, that Plaintiff's exclusive

remedy is a petition for habeas corpus insofar as he seeks immediate release from

confinement. Immediate release is the only relief that Plaintiff is pursuing through

this appeal. Habeas review and a § 1983 action are "independent and mutually

exclusive" paths for prisoners who seek relief. Nettles v. Grounds, 830 F.3d 922,

932 (9th Cir. 2016) (en banc). If the "claim challenges the fact or duration of

the . . . sentence," then habeas is the only available remedy. Id. at 934; see also

Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (concluding that a state prisoner

may not bring a § 1983 action if success would necessarily demonstrate the

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

2

invalidity of the duration of confinement).  As he frames it, Plaintiff's claim challenges the fact and the duration of his confinement.  For that reason, we agree with the district court's conclusion.

To the extent that Plaintiff seeks other forms of relief pertaining to the conditions of his confinement, such as a mandatory injunction requiring the prison to undertake more rigorous COVID-19 protocols, or damages for past harm, he remains free to do so.

**AFFIRMED.**

*Henson v. Corizon Health, Inc., et al.*, No. 20-15986

FITZWATER, District Judge, concurring:

I join the panel memorandum. I write separately to point out a narrower basis on which the district court can be affirmed.

"[W]e may affirm on any ground supported by the record." *Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (affirming denial of preliminary injunction on a basis that was not relied on by the district court). In Plaintiff's amended complaint, he sought money damages to remedy past Eighth Amendment violations for allegedly inadequate prison medical care. In his preliminary injunction application, he sought immediate release due to the state prison's alleged inability to protect him from COVID-19. The district court did not abuse its discretion by denying Plaintiff's preliminary injunction application, and his motion for reconsideration, where there was no relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying amended complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Assuming that Plaintiff corrected this deficiency in his second amended complaint, that pleading was not on file when the district court denied his preliminary injunction application. He only obtained leave to file that

pleading in the same order in which the district court denied his motion for reconsideration.

Because the district court's order can be affirmed on this narrower basis, I join the panel memorandum and concur.