BLD-070                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2218
_____

CHARLES T. MONROE,
Appellant

v.

C/O NUNN; HOWARD R. YOUNG CORRECTIONAL
CENTER ADMINISTRATION AND STAFF; DR. AUGUST
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-20-cv-01485)
District Judge: Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 27, 2022
Before: MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed March 25, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Charles Monroe, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to exhaust his administrative remedies and denying his motion for injunctive relief. For the reasons that follow, we will summarily affirm.

I.

In October 2020, Monroe filed a complaint under 42 U.S.C. § 1983 relating to incidents that had occurred earlier that month and the preceding month at Howard R. Young Correctional Center, the prison where he resides. Specifically, Monroe alleged that, on September 14, 2020, Correctional Officer Nunn used excessive force when he sprayed him with mace and the doctor authorized an injection (or two) that made him sick. ECF No. 1. He also claimed that he filed grievances and that the defendants retaliated against him by fabricating disciplinary reports and placing him in solitary confinement from October 5, 2020, onwards. Id. Regarding the grievances he had filed about these incidents, Monroe stated that the grievance committee "seem[ed] to move very slow at returning the reports and essentially attempt[ed] to circumvent the in-house grievance process[,]" but he explained that he was pursuing relief through levels two and three of the grievance process. ECF No. 1 at p. 2. Monroe also filed a motion for a preliminary injunction in light of prison policies issued due to the Covid-19 pandemic, in which he requested release on unsecured bail or housing in a facility where he could practice social distancing and visit a law library. ECF No. 12.

The District Court determined that Monroe had failed to exhaust his administrative remedies and *sua sponte* dismissed the complaint without prejudice under 28 U.S.C.

2

§ 1915(e)(2)(B) and § 1915A(b)(1). It denied the motion for injunctive relief as moot. Monroe appeals in forma pauperis.

## II.

We have jurisdiction to consider this appeal under 28 U.S.C. § 1291 and § 1292(a)(1).[1] We exercise plenary review over the District Court's dismissal of Monroe's complaint. See Spruill v. Gilles, 372 F.3d 218, 226 (3d Cir. 2004). Turning to the refusal of the preliminary injunction, this Court has jurisdiction to review the portion of that order under 28 U.S.C. § 1292(a)(1). This Court reviews the District Court's denial of a preliminary injunction for abuse of discretion but reviews the underlying factual findings for clear error and examines legal conclusions de novo. See Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

First, the District Court did not err in dismissing Monroe's complaint for failure to exhaust his administrative remedies. A prisoner must properly exhaust all his available administrative remedies before filing a complaint. See 42 U.S.C. § 1997e(a); Porter, 534 U.S. at 524; see also Woodford v. Ngo, 548 U.S. 81, 84 (2006). When a prisoner does not exhaust his administrative remedies, his complaint should be dismissed without prejudice to enable him to cure the procedural defect. See Ghana v. Holland, 226 F.3d 175, 184 n.4 (3d Cir. 2000) (considering a similar question under pre-PLRA law). By

---

[1] While a dismissal without prejudice is generally a non-final order, the District Court's order is final in this case because Monroe cannot cure the deficiency in this action. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that a state prisoner must exhaust administrative remedies before filing a complaint).

Monroe's own admission, he did not exhaust his administrative remedies before filing his complaint.

Monroe alleged that the grievance committee was "mov[ing] very slow at returning the reports" and "circumvent[ed] the in-house grievance process[,]" ECF No. 1 at p. 2. However, his allegations, in the context of the timing of his suit and other allegations in his complaint, do not suggest that administrative remedies were not available to him. See, e.g., Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 154 (3d Cir. 2016) (determining that a grievance is unavailable to a prisoner when prison officials failed to timely respond to it). As the District Court observed, Monroe filed his complaint approximately one month after he submitted a grievance related to his excessive force claim and 20 days after he was issued a disciplinary sanction and placed "in the hole." ECF 1 at PDF p. 1. Furthermore, Monroe himself undermined any suggestion of unavailability of his administrative remedies in noting that his efforts to exhaust continued – he noted that he was pursuing relief through levels two and three of the grievance process. See ECF No. 1 at p. 2.

Turning to Monroe's request for a preliminary injunction, we conclude that the District Court did not abuse its discretion in denying it. Monroe, who could not proceed in his action because of his failure to exhaust his administrative remedies, could not show a likelihood of success on its merits.[2] See Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (setting forth the factors weighed in considering the

---

[2] We express no opinion on the merits of the claims raised in the complaint.

4

"extraordinary remedy" of a preliminary injunction). Furthermore, Monroe is not entitled to the preliminary injunction he sought because his requested relief is unrelated to the allegations in his complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).

Accordingly, Monroe's appeal presents no substantial question, and we will summarily affirm the District Court's judgment. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.