**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKEAL GLENN STINE, | No. 22-15120 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-00187-DCB |
| v. | |
| K. GARCIA, Trust Fund Supervisor, USP/Tucson, Arizona, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| B. VON BLANKENSEE; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Federal prisoner Mikeal Glenn Stine appeals pro se from the district court's

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

interlocutory order denying his motion for a preliminary injunction in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a First Amendment violation. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion a district court's denial of a motion for a preliminary injunction. *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying Stine's motion for a preliminary injunction because the district court lacked the authority to grant Stine's requested relief as it was not tied to the claims and parties in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636-37 (9th Cir. 2015) (holding that the district court lacks authority to grant injunctive relief absent a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint"); *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that the scope of an injunction is limited to the parties in the action).

Appellee's motion to dismiss (Docket Entry No. 19) is denied as moot.

**AFFIRMED.**

22-15120