**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOLDWATER BANK, N.A., | No. 22-55404 |
| Plaintiff-Appellee, | D.C. No. 5:21-cv-00616-JWH-SP |
| v. | |
| ARTUR ELIZAROV, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| UNISON AGREEMENT CORP.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted November 16, 2022
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,[**]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

This appeal arises out of a mortgage loan issued by Goldwater Bank ("Goldwater") to Artur Elizarov ("Elizarov") for a home in California (the "Subject Property") in July 2019. Elizarov defaulted on the mortgage loan in April 2020. Because Goldwater's deed of trust was unrecorded, Elizarov was able to sell the home unencumbered by a deed of trust. He received a majority of the proceeds of the sale of the home (the "Proceeds") and purchased a home in Florida for cash with the Proceeds. Goldwater filed a complaint seeking recovery of its loan and a preliminary injunction restraining Elizarov from further dissipating any Proceeds. The district court issued a preliminary injunction that restrained and enjoined Elizarov from transferring, alienating, encumbering, or disposing of his Florida property and the remaining Proceeds. Elizarov appeals, arguing that the district court abused its discretion by entering the preliminary injunction and by setting the bond at $2,500. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We affirm.

1.      A plaintiff seeking a preliminary injunction must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm if the injunction is not granted; (3) that the balance of equities weighs in the plaintiff's favor; and (4) that an injunction is in the public interest. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). At issue in this appeal is whether the district court abused its discretion in finding that Goldwater had demonstrated a likelihood of success on

2

the merits and a likelihood of irreparable harm.

The parties dispute the applicability of *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999) here. Elizarov concedes that *Grupo Mexicano* applies "only to the case where legal remedies are sought and does not apply to cases where equitable relief is also available." Because Goldwater seeks the equitable relief of a constructive trust in addition to legal remedies, *Grupo Mexicano*'s prohibition on asset-freezing injunctions does not apply here. *See Johnson v. Couturier*, 572 F.3d 1067, 1083–84 (9th Cir. 2009) ("The Supreme Court expressly stated that a preliminary injunction barring asset transfer is available where the suit seeks equitable relief.").

Under California law, a constructive trust can be established where (1) a specific, identifiable property interest exists; (2) the plaintiff has a right to that property interest; and (3) the defendant wrongfully acquired or detained the property interest. *See Higgins v. Higgins*, 11 Cal. App. 5th 648, 659 (2017); Cal. Civ. Code §§ 2223, 2224. A plaintiff seeking such relief need not show the absence of an adequate remedy at law. *See GHK Assocs. v. Mayer Grp.*, 224 Cal. App. 3d 856, 878 (1990). Goldwater seeks the establishment of a constructive trust over "the proceeds received by Elizarov in connection with the sale of the Subject Property." The district court found that Goldwater was likely to succeed

on the merits of its equitable claim[1] because Goldwater "provided evidence . . . of a note secured with a deed of trust on the Subject Property," as well as evidence that Elizarov "was aware of his obligation to repay the note," but that he misled Goldwater "regarding the status of the sale of the Subject Property." Pursuant to the deed of trust, Goldwater was entitled to proceeds from a sale of the Subject Property and thus has an interest in the property here. Goldwater has also shown Elizarov wrongfully acquired the Proceeds by pleading breach of contract, fraud, and fraudulent transfer. Therefore, the district court did not abuse its discretion in concluding that Goldwater has demonstrated a likelihood of success on the merits because the record plausibly supports Goldwater's constructive trust claim.

The district court also found that "Elizarov's conduct and his purported insolvency suggest an intention to dissipate or alienate the funds received from the sale of the Subject Property." Dissipation of assets can create a likelihood of irreparable harm. *See In re Focus Media Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004); *Johnson*, 572 F.3d at 1085. The record contains sufficient evidence to suggest a pattern of dissipation of assets by Elizarov, such as his

---

[1] Although the district court relied on Goldwater's unjust enrichment claim—which fails as a matter of law because there is a valid contract between the parties—in its analysis of Goldwater's likelihood of success on the merits rather than Goldwater's constructive trust remedy, we are free to affirm "on any ground raised below and fairly supported by the record." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (quoting *Columbia Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013).

misrepresentations regarding the sale of the Subject Property; his failure to pay the Proceeds owed to Goldwater; his termination of communication with Goldwater; and his quick, all-cash purchase of property in Florida using the Proceeds after receiving a pre-litigation demand letter. Based on this record, the district court's finding that Elizarov intended to transfer or alienate the Proceeds owed to Goldwater was not "illogical, implausible, or without support from inferences that may be drawn from facts in the record." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015). Thus, we find that the district court did not abuse its discretion by finding a likelihood of irreparable harm.

2. The district court did not abuse its discretion in setting the bond at $2,500. Because a "district court is in a far better position to determine the amount and appropriateness of the security required under [Federal Rule of Civil Procedure] 65," the district court is afforded wide "discretion in determining" the bond amount, *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005) (citations and internal quotation marks omitted), and can even dispense with the security requirement entirely where a party will not suffer damages from the injunction, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Elizarov has offered no evidence that he would suffer harm from the injunction in excess of $2,500. The district court was fully within its

discretion to set the preliminary injunction bond at $2,500.

**AFFIRMED.**