NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENN STAR INSURANCE COMPANY, a Pennsylvania corporation,<br><br>            Plaintiff-Appellee,<br><br>  v.<br><br>HENRY AGUILA, an individual,<br><br>            Defendant-Appellant,<br><br> and<br><br>THEE AGUILA, INC., a California Corporation; JULIE N. NONG, an individual; JOHN FITZPATRICK VANNUCCI, an individual; CENTURY LAW GROUP, LLP, a Limited Liability Partnership; PICO RIVERA FIRST MORTGAGE INVESTORS, LP, a limited partnership; GUINEVERE M. MALLEY, an individual; ROCIO ROSALES, an individual; DOES, 1-50, inclusive,<br><br>            Defendants. | No.   22-55664<br><br>D.C. No.<br>2:21-cv-09365-PSG-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 18, 2023
Pasadena, California

Before:  TASHIMA and H.A. THOMAS, Circuit Judges, and RAKOFF,[**] District Judge.

Henry Aguila appeals the district court's order enjoining the defendants-in-interpleader from continuing any action concerning the funds deposited with the district court by Penn-Star Insurance Company (Penn-Star), ordering Aguila to dismiss his state court action against Penn-Star with prejudice, and denying Aguila's request to file his state court claims as counterclaims in this action.

We have jurisdiction under 28 U.S.C. § 1292. We review the grant of an injunction for abuse of discretion. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015); *Metlakatla Indian Cmty. v. Dunleavy*, 58 F.4th 1034, 1042 (9th Cir. 2023). We review the legal conclusions underlying an injunction de novo. *See Metlakatla*, 58 F.4th at 1042. We review for abuse of discretion a district court's denial of leave to amend. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm.[1]

1. In *Lee v. West Coast Life Insurance Co.*, 688 F.3d 1004 (9th Cir. 2012), we held that "interpleader does not shield [an insurer] from tort liability" where the

---

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Because the parties are familiar with the facts, we do not recount them here.

insurer is "independently liable to one or more [of the parties claiming a right to interpleaded funds,]" *id.* at 1011. We also held that "those who have acted in bad faith to create a controversy over [a] stake may not claim the protection of interpleader." *Id.* at 1012. Here, none of Aguila's state court claims plausibly alleged that Penn-Star created the controversy over the interpleaded funds in this case or that Penn-Star is liable to Aguila independent of Penn-Star's decision to file the interpleader action. The district court thus did not err in enjoining Aguila from instituting or continuing any action concerning the interpleaded funds and ordering him to dismiss his state court action with prejudice.

2. Because the district court did not err in enjoining Aguila from instituting any actions concerning the interpleaded funds against Penn-Star, it also did not err in denying Aguila's request to amend his answer in interpleader to assert his state court claims as counterclaims. *See AE*, 666 F.3d at 636 (where amendment would be futile, a district court does not abuse its discretion in denying leave to amend).

**AFFIRMED.**[2]

---

[2] We **DENY** Penn-Star's motion to take judicial notice of various proceedings relating to a demurrer filed by Penn-Star in Aguila's state court action (Dkt. No. 20).