NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARK RUST, independently, and on behalf of others similarly situated, | No. 24-1098 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00147-YY |
| v. | MEMORANDUM* |
| ANTONIO FERNANDEZ, Sgt.; ROBERT HOLDEN, C.O.; AUBRIE MILLER; AMY WRAY; TASHA HICKEY; ERIN REYES; JEREMY BEAUMONT; JOHNSON, First Name Unknown (FNU); OREGON DEPARTMENT OF CORRECTIONS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding**

Submitted May 29, 2024***

Before: FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Oregon state prisoner Clark Rust appeals pro se from the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. § 1983 action alleging retaliation and other claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying Rust's motion for a preliminary injunction because Rust's requested relief was not sufficiently tied to the claims in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that, when a plaintiff seeks injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint").

We lack jurisdiction over the portions of the district court's order pertaining to appointment of counsel, motions to compel discovery, motions to amend the complaint, extensions of time, or Rust's litigation conduct. *See Paige v. California*, 102 F.3d 1035, 1039 (9th Cir. 1996) ("[O]ur jurisdiction under § 1292(a)(1) extends only to the matters inextricably bound up with the injunctive order from which the appeal is taken." (citations and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**