NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN YOSHIMOTO; KRISTIN BARROGA; SEAN KETTLEY; CAROLYN FJORD; DON FREELAND; DON FRY; BILL RUBINSOHN; CLYDE DUANE STENSRUD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALASKA AIRLINES, INC.; ALASKA AIR GROUP, INC., <br><br> Defendants - Appellees. | No. 24-6692 <br><br> D.C. No. 1:24-cv-00173-DKW-WRP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted October 6, 2025**
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Plaintiffs, a group including airline passengers and former travel agents,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

seek to enjoin Alaska Airlines's acquisition of Hawaiian Airlines.  The district court dismissed Plaintiffs' complaint without leave to amend for lack of standing, and it denied Plaintiffs' motions for a temporary restraining order, reconsideration, oral argument, and leave to file an amended complaint.  We have jurisdiction under 28 U.S.C. § 1291.  We review the dismissal for failure to establish Article III standing de novo.  *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F. 3d 1148, 1154 (9th Cir. 2015).  "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo."  *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021) (quoting *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016)).  We review the denials of temporary restraining orders, reconsideration, and oral argument for abuse of discretion.  *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992) (temporary restraining orders, reconsideration); *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1105 (9th Cir. 2024) (oral argument). For the reasons below, we affirm in part, vacate in part, and remand.

1.     The district court correctly held that Plaintiffs failed to adequately allege Article III standing.  At the pleading stage, a plaintiff must "clearly allege facts demonstrating each element" of constitutional standing, including that the plaintiff suffered an "actual or imminent" injury-in-fact.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016) (citation omitted).  To be "imminent," the "threatened

injury must be *certainly impending*." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).  Plaintiffs' complaint and their opposition to Defendants' motion to dismiss express concern that the acquisition "may cause loss and harm to the Plaintiffs, and to the public at large" by raising prices and reducing consumer choice.  To the extent Plaintiffs allege a pocketbook injury from more expensive airline tickets or an antitrust injury in the form of fewer carriers to choose from, those injuries are not sufficiently imminent to establish standing because none of the Plaintiffs alleged a desire or plan to purchase an airline ticket in the future.  Plaintiffs' general allegations do not identify an injury-in-fact that is sufficient to confer Article III standing.

However, the district court erred in dismissing Plaintiffs' complaint without leave to amend on futility grounds.  "When the district court denies leave to amend because of futility of amendment, we will uphold such denial if 'it is clear, upon *de novo* review, that the complaint would not be saved by any amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (citation omitted).  The district court determined that amendment would be futile because Plaintiffs had failed adequately to allege an injury-in-fact.  But amendment is futile only if an amended complaint could not state a plausible claim for relief. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, amendment would not be futile because Plaintiffs could cure their pleadings by alleging additional facts in support of standing, such as specific travel plans and the effects of the merger on those plans.

The district court also erred to the extent it dismissed without leave to amend on the ground that Plaintiffs could have requested leave to amend but failed to do so. In dismissing a complaint, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Because amendment would not be futile, the district court should grant Plaintiffs leave to amend their complaint on remand. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).[1]

2.      The district court did not abuse its discretion when it denied Plaintiffs' motion for a temporary restraining order. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Because the district court dismissed Plaintiffs'

---

[1] In light of our vacatur of the district court's dismissal and our conclusion that leave to amend should be granted, we need not separately address Plaintiffs' appeal of the district court's denial of their motion for reconsideration and for leave to file an amended complaint.

complaint <u>before</u> Plaintiffs moved for a TRO, there was no underlying complaint to which the motion could relate, and "the district court lack[ed] authority" to grant injunctive relief in the form of a TRO. *Id.*

3.      The district court did not abuse its discretion or deny Plaintiffs due process when it vacated the scheduled hearing on the motion to dismiss. We have "repeatedly held that granting a motion without oral argument is not a denial of due process." *D'Augusta*, 117 F.4th at 1105.

4.      The district court did not unreasonably delay ruling on the motion to dismiss. The district court granted the motion two months after the completion of briefing, and Plaintiffs do not clearly explain how this delay affected their substantial rights. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

**AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** with instructions to grant Plaintiffs leave to amend the complaint.