**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CORNEL JACKSON,

Plaintiff - Appellant,

v.

JASON QUICK, Watch Commander at
Madera County Jail; ELIZABETH
ALVAREZ, CSU Officer at Madera County
Jail; LISETTE LOPEZ, Mailroom Officer at
Madera County Jail; DOMINIC RAMOS,
Mailroom Officer at Madera County
Jail; KASANDRA SANCHEZ, Mailroom
Officer at Madera County Jail; HERMINA
MARLEY, Mailroom Officer at Madera
County Jail; PURDENTE, Mailroom
Officer at Madera County Jail; ANDY
VILLANUEVA, Correctional Officer at
Madera County Jail; LESAGE, Correctional
Officer (CPL) at Madera County Jail; BEN
MENDOZA, CSU Officer (Sgt.) at Madera
County Jail; T. THAO, Correctional Officer
at Madera County Jail; A.
ROSSETTE; FOLLOWELL, Lt.,

Defendants - Appellees.

No. 24-1740

D.C. No.
1:19-cv-01591-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Erica P. Grosjean, Magistrate Judge, Presiding

Submitted May 29, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Cornel Jackson appeals the district court's orders granting Defendants' motion for summary judgment as to his conspiracy and access-to-courts claims and granting Defendants' motion for judgment as a matter of law as to his legal mail claim. He also appeals the district court's denial of his motions for preliminary injunctions and motions for appointment of counsel, as well as its grant of Defendants' motion in limine. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's decisions to grant summary judgment and judgment as a matter of law de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (summary judgment); *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017) (judgment as a matter of law). We review the district court's decisions regarding preliminary injunctive relief, appointment of counsel, and motions in limine for abuse of discretion. *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (preliminary injunctive relief); *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (appointment

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of counsel); *Desire, LLC*, 986 F.3d at 1259 (motions in limine).

1. The district court did not err in granting Defendants' motion for summary judgment as to Jackson's conspiracy claim because he failed to "state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Jackson offered no facts demonstrating an agreement or meeting of the minds to open his legal mail outside of his presence. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (affirming grant of summary judgment on conspiracy claim where there was no evidence of an agreement between defendants to harm plaintiff).

2. The district court did not err in granting Defendants' motion for summary judgment as to Jackson's access-to-courts claim. Apart from conclusory statements, Jackson failed to make any showing of "actual harm" in the form of "past or imminent official interference with [his] presentation of claims to the courts." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (a plaintiff must "allege injury, such as inability to file a complaint or defend against a charge, stemming from" the alleged access-to-courts violation).

3. The district court did not err in granting Defendants' post-trial motion for judgment as a matter of law as Jackson failed to offer sufficient evidence of multiple elements of his legal mail claim. While we "construe liberally the filings

and motions of a *pro se* inmate in a civil suit," *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), Jackson points to nothing in the record that demonstrates that a reasonable juror could have ruled in his favor, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008).

4. As to Jackson's first motion for an injunction requiring Defendants to provide him with free photocopies of legal documents, the district court did not abuse its discretion in determining that the "extraordinary and drastic remedy" of a preliminary injunction was improper. *Munaf v. Geren*, 553 U.S. 674 (2008). As the district court explained, Jackson had funds to pay for photocopies, could run a negative balance to make such copies, and therefore would not face irreparable harm absent the requested relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The district court also did not abuse its discretion in denying Jackson's second motion for a preliminary injunction for failure to show a likelihood of success on the merits of his access-to-courts claim. The district court correctly determined that Jackson did not demonstrate that any denial of correspondence materials or photocopy services resulted in "actual injury," such as the inability to prepare and file a document or meet a deadline. *See Lewis*, 518 U.S. at 349–50 (discussing actual injury requirement).[1]

---

[1] In denying this motion, the district court also did not abuse its discretion in

5. In ruling on each of Jackson's eight motions for appointment of counsel, the district court did not abuse its discretion in determining that "exceptional circumstances" did not exist to warrant the appointment of counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (explaining that although there is no right to counsel in civil actions, counsel may be designated in exceptional circumstances). In Jackson's filings before the district court, he demonstrated an ability "to articulate his claims *pro se* in light of the complexity of the legal issues involved" and failed to show a "likelihood of success on the merits." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)).

6. The district court did not abuse its discretion in granting Defendants' motion in limine to exclude from trial the anticipated exhibits of envelopes Jackson allegedly received opened. Jackson failed to turn the exhibits over to Defendants by the court-ordered disclosure deadline, and it was not an abuse of discretion for the court to conclude that Defendants would therefore have been unduly prejudiced by their admission. *See* Fed. R. Civ. P. 37(c)(1).

**AFFIRMED.**

---

determining that it did not have authority to issue an injunction with respect to Jackson's additional allegations against his previous counsel as the allegations were not part of his second amended complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).